```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

```
MARK GOUPIL,

                    Petitioner,        No. 1:14-cv-00709-MAT
             -vs-                      DECISION AND ORDER

SUPERINTENDENT HAROLD GRAHAM,
Auburn Correctional,

                    Respondent.
```

## INTRODUCTION

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mark Goupil ("Goupil" or "Petitioner") is currently incarcerated in Respondent's custody pursuant to a judgment entered on February 17, 2010, in New York State, Niagara County Court (Murphy, J.), following a jury verdict convicting him of three counts of Predatory Sexual Assault Against a Child (N.Y. Penal Law ("P.L.") § 130.96).

## BACKGROUND

Through retained counsel, Petitioner filed the instant petition (Doc. 1), asserting the following grounds for relief: (1) he was denied the right to a fair trial due to the improper introduction of expert testimony concerning child sexual abuse accommodation syndrome ("CSAAS"); and (2) he was denied the effective assistance of trial counsel because his attorney (a) failed to investigate or present evidence to refute the prosecution's expert medical testimony, (b) failed to present

expert testimony to rebut the prosecution's CSAAS testimony, and (c) deficiently cross-examined the prosecution's witnesses. Respondent filed an answer and memorandum of law in opposition to the petition, asserting the defenses of non-exhaustion and procedural default. Petitioner filed a reply.

Upon its review of the petition and the state court records, the Court finds that the petition is a "mixed" petition insofar as it contains both unexhausted and exhausted claims, as discussed further below.

## EXHAUSTION ANALYSIS

Exhaustion of available state court remedies is a prerequisite for a habeas petitioner seeking to overturn his state conviction on the ground that his federal constitutional rights were violated. See 28 U.S.C. § 2254(b); Baldwin v. Reese, 541 U.S. 27, 29 (2004). "Each substantially independent factual claim made in support of an allegation of ineffective assistance of counsel must be fairly presented to a state court before a federal habeas court may rule upon it." Jelinek v. Costello, 247 F. Supp.2d 212, 267 (E.D.N.Y. 2003) (citing Rodriguez v. Hoke, 928 F.2d 534, 538 (2d Cir. 1991); see also Ramirez v. Att'y Gen. of N.Y., 280 F.3d 87, 96 (2d Cir. 2001) ("[T]he factual basis for an ineffective assistance claim must, like other issues, be presented to all relevant state courts.").

The claim that the Court finds to be unexhausted is Petitioner's argument that trial counsel failed to competently challenge the prosecution's medical expert witnesses because she did not "contest, or even question, the expert testimony" "that most child victims of sexual assault do not show any physical evidence." (Reply (Doc. 15) at 7). Petitioner contends that trial counsel should have consulted with and retained an expert witness on behalf of the defense. Petitioner argues that he did exhaust this claim because, on direct appeal, he raised his ineffective assistance of counsel argument as to defense counsel's failure to effectively cross-examine the victim, and therefore "[w]here an additional factual claim in support of the ineffective assistance allegation merely supplements the ineffectiveness claim and does not fundamentally alter it, the court may consider it in a habeas petition." (Doc. 15 at 2 (quoting Gersten v. Senkowski, 299 F. Supp.2d 84, 100 (E.D.N.Y. 2004) (citing Caballero v. Keane, 42 F.3d 738, 741 (2d Cir. 1994)). The principle stated in Caballero and cited by Gersten is correct, but the additional factual claim here (i.e., that trial counsel failed to consult with an expert witness) "fundamentally alter[s]" the nature of the claim that trial counsel's cross-examination of the prosecution's medical experts was deficient. This is because the factual basis underlying both claims are of a different nature. A deficient cross-examination claim is apparent on the face of the trial transcript, and can be

raised and decided on a direct appeal. See, e.g., Sweet v. Bennett, 353 F.3d 135, 139-40 (2d Cir. 2003). However, a claim that trial counsel failed to adequately prepare by consulting with and retaining an expert witness on behalf of the defense is necessarily based on facts dehors the record. See Sweet, 353 F.3d at 139 ("New York courts have held that some ineffective assistance claims are 'not demonstrable on the main record' and are more appropriate for collateral or post-conviction attack, which can develop the necessary evidentiary record.") (quoting People v. Harris, 109 A.D.2d 351, 360, 491 N.Y.S.2d 678, 687 (2d Dep't 1985); further citation omitted). Because a claim that trial counsel failed to consult with an expert witness is based on facts not apparent on the face of the record,[1] it is properly raised in a collateral motion to vacate the judgment pursuant to New York Criminal Procedure Law ("CPL") § 440.10. As there is no time limit for filing such a motion, Petitioner theoretically could return to state court to exhaust this claim.

Respondent, for his part, is correct that this ineffectiveness claim is unexhausted, but incorrect that the claim is procedurally

---

[1] For instance, it may be that Goupil's trial counsel did consult with a medical expert, but ultimately elected not to retain or call him or her as a witness; that question is not answered by the appellate record, and Petitioner has not submitted an affidavit or declaration from trial counsel describing her preparation for trial. The "necessary evidentiary record," Sweet, 353 F.3d at 139, regarding this claim has not been developed.

defaulted, since Petitioner does have an avenue in state court by which to exhaust the claim, i.e., a CPL § 440.10 motion.

The presence of this unexhausted claim renders Goupil's Section 2254 application a "mixed petition."

### TREATMENT OF A MIXED PETITION

In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court adopted a "total exhaustion" rule by holding that a "mixed petition" should be dismissed as a whole, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id. at 510. However, in 1996, the habeas statute was amended to add 28 U.S.C. § 2254(b)(2), which provides that "an *application* for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available to the courts of the State." Id. (emphasis supplied). "By the provision's plain terms, it is the entire petition that must be dismissible on the merits, not just individual unexhausted claims within the petition." Saracina v. Artus, No. 04-CV-521 S, 2007 WL 2859722, at *9 (W.D.N.Y. Sept. 26, 2007) (citing Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002); Turner v. Artuz, 262 F.3d 118, 121 (2d Cir. 2001) (per curiam) (discussing the AEDPA amendments and concluding that district courts now have the option of denying mixed petitions on the merits)); see also Morris v. Reynolds, 48 F. Supp.2d 379,

385 (S.D.N.Y. 1999) ("[U]nder the AEDPA, this Court can reach the merits as to unexhausted claims only if it denies them.") (citing 28 U.S.C. § 2254(b)(2)). Therefore, this Court cannot reach the merits of Goupil's petition unless all claims, exhausted and unexhausted, will be denied. E.g., Dearstyne v. Mazzuca, No. 9:04-CV-0741 FJS/VEB, 2010 WL 10826877, at *9 (N.D.N.Y. July 15, 2010); Saracina, 2007 WL 2859722, at *9.

Under these circumstances, Petitioner has three options. See, e.g., Dearstyne, 2010 WL 10826877, at *9; Saracina, 2007 WL 2859722, at *10. First, Goupil may amend his petition so that he raises only those grounds for which state court remedies have been exhausted, thereby withdrawing from this Court's consideration the unexhausted ineffective assistance of counsel claim. Dearstyne, 2010 WL 10826877, at *9 (citation omitted). "The effect of such withdrawal may be that petitioner will not be permitted to raise the withdrawn grounds in a second or successive habeas petition." Saracina, 2007 WL 2859722, at *10 (citing 28 U.S.C. § 2244(b)). On the other hand, "[t]his option will likely result in the most expeditious resolution of the petition." Id.

The second option is for Goupil to withdraw the entire petition, and return to state court to exhaust the ineffective assistance of counsel claim. If he chooses that option, he may then raise the claims in another petition, which would not be considered a second petition for purposes of 28 U.S.C. § 2244(b). As

Petitioner's habeas counsel surely is aware, the applicable statute of limitations is tolled only "during the time in which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); see also Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review," and therefore the time for filing a federal habeas petition is not tolled during the pendency of a previously filed federal habeas petition). "Thus, a petitioner seeking to withdraw the petition in order to exhaust claims may be foreclosed from coming back to federal court for habeas relief by the statute of limitations because the time for filing a federal habeas petition was not tolled for habeas statute of limitations reasons during the pendency of the petition herein." Saracina, 2007 WL 2859722, at *10 n. 15.

Third, Goupil may request that the Court stay this petition and hold it in abeyance to allow him to present his unexhausted claim in state court and then return to federal court for review of his petition once he has exhausted his state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005) (approving stay-and-abeyance procedure articulated in Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001)). Prior to Rhines, the Zarvela stay-and-abeyance procedure was invoked routinely when a petitioner was in danger of untimeliness. Rhines, however, has significantly curtailed a

district court's discretion to grant a stay "because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts[.]" Rhines, 544 U.S. at 277. Therefore, the Supreme Court cautioned, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. . . ." Id. Rhines thus instructs district courts to undertake a thorough analysis of whether there was "good cause" for the petitioner's failure to exhaust his claims in state court, the unexhausted claims are "potentially meritorious," and there is no indication that the petitioner engaged in "abusive litigation practice or intentional delay." Id. at 277-78. "This is a multi-pronged, difficult standard to meet and a petitioner should carefully assess the consequences should the stay be denied." Saracina, 2007 WL 2859722, at *10.

## CONCLUSION

As discussed above, Petitioner has presented this Court with a "mixed petition" containing exhausted and unexhausted claims. Petitioner hereby is afforded an opportunity to amend his petition to withdraw the unexhausted claim; withdraw his petition in its entirety, without prejudice and with leave to refile; or seek a stay-and-abeyance order to preserve the timeliness of his original petition while he returns to state court for the purpose of presenting his unexhausted claim to the state courts. Petitioner

must notify the Court of which option he is electing within thirty (30) days of this Order. Failure to timely comply with the Court's instructions herein will result in the dismissal of the entire petition.

**SO ORDERED.**

                                          S/Michael A. Telesca
                                      _____
                                      HONORABLE MICHAEL A. TELESCA
                                      United States District Judge

DATED:     March 16, 2018
             Rochester, New York